**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Henry A. V. P., et al.,[1]

       Petitioner,

v.

Pamela Bondi, Kristi Noem, Todd M.
Lyons, and David Easterwood,

       Respondents.

Case No. 26-CV-1121 (MJD/JFD)

**REPORT AND**
**RECOMMENDATION**

---

Petitioner Henry A. V. P. has filed a Petition for Writ of Habeas Corpus (Dkt. No. 1), pursuant to 28 U.S.C. § 2241. The petition has been referred to the undersigned for the issuance of a report and recommendation. Petitioner claims that he is being unlawfully detained because he was violently arrested without a warrant and without resisting officers. (*See* Pet. ¶ 15, Dkt. No. 1.) He further claims that the normal relief available here, a bond hearing under 8 U.S.C. § 1226(a) is inappropriate because detention under that statute requires arrest pursuant to a warrant and in this case, that requirement was not met. (*Id*. at ¶ 29.) Respondents counter that Petitioner is not eligible for a bond hearing because his detention is mandatory under 8 U.S.C. § 1225(b)(2). The District Judge in this case, the Honorable Michael J. Davis, has ruled on the § 1225 versus § 1226 issue multiple times and for the reasons Judge Davis set forth in *Beltran v. Bondi*, No. 25-04604 (MJD/DTS),

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

2025 WL 3719856, at *1 (D. Minn. Dec. 23, 2025), the Court recommends that the petition be granted in full and that Petitioner be ordered released immediately. The Court further recommends that Respondents' procedurally improper Motion to Dismiss be denied because the factual basis that Respondents allege divests this Court of jurisdiction occurred only because Respondents violated an order of Judge Davis.

The following facts are taken from the Petition. Petitioner is a citizen of El Salvador. (Pet. ¶ 7.) He has lived in the United States since 2014 and has a pending derivative U visa (a humanitarian visa that is available to victims of certain crimes and, in turn, certain members of their family) and no final order of removal. (Pet. ¶¶ 12–13.) He was detained by Respondents on February 3, 2026 while driving to work, when ICE officers boxed in and rammed his car at a stoplight. (*Id.* at ¶15.) Respondents have refused to provide him a bond hearing, citing the minority judicial view on the administration's immigration detention policy under 18 U.S.C. §§ 1225(b) and 1226(a). Respondents also argue that because they have (in violation of Court order) refused to return Petitioner to Minnesota, this Court no longer has jurisdiction over this matter and that the petition should be transferred to the Western District of Texas.

## I.   Jurisdiction and Venue

Judge Davis has already held that 1) this Court's "habeas jurisdiction attached at the time of Petitioner's apprehension in this District;" 2) "jurisdiction is not defeated by any subsequent decision by Respondents to transfer Petitioner to another state;" 3) "Habeas jurisdiction turns on custody and control, not on the Government's unilateral post-seizure

2

movement of the detainee;" and 4) "The position that jurisdiction lies exclusively in the district to which Respondents transfer a petitioner would permit the Government to determine the forum for judicial review through its own logistics. Federal courts may not be divested of jurisdiction in that manner." (Feb. 6, 2026 Order ¶ 4, Dkt. No. 3.)

In their response, Respondents challenge the Court's jurisdiction to decide this case. Respondents ignore, indeed do not even acknowledge, that the Court has already ruled on its jurisdiction in this case, and the fact that Respondents have violated the Court's previous order cannot provide grounds for a reconsideration of that determination. On February 6, 2026, at the same time it made the above determinations regarding jurisdiction, the Court enjoined Respondents from moving Petitioner from the District of Minnesota, (*id*. at ¶ 5) and ordered Respondents, if they had already moved Petitioner from the District of Minnesota, to *immediately* return Petitioner to Minnesota. (*Id*. at ¶ 6 (emphasis added).) Respondents argue that this Court does not retain jurisdiction because Petitioner is now being held in Texas and alleges that Petitioner was in Texas at the time the petition was filed. (*See* Resp. 1, Dkt. No. 5.)

Essentially, Respondents' argument is that they violated a court order and by doing so divested this Court of jurisdiction. Not only is Respondents' behavior procedurally improper, but this Court takes this argument as an admission that Respondents violated an order of this Court. Because the Court already made a determination on jurisdiction in this case, the procedurally appropriate way to challenge that determination would be through a request to file a motion to reconsider, pursuant to D. Minn. LR 7.1(j). No such request was

3

filed, and the Court can identify no "compelling circumstances" to recommend granting such a request. *See* D. Minn. LR 7.1(j).

Second, by basing their response on jurisdictional grounds (that this case should be heard in the Western District of Texas, rather than the District of Minnesota), Respondents concede that Petitioner is currently being held in Karnes, Texas, in direct contravention of the Court's order to keep Petitioner in Minnesota or immediately return him to Minnesota. Judge Davis entered an order which, if followed, would have prevented Respondents' behavior. Nevertheless, Respondents violated that order.

## II.   Unlawful Detention under 8 U.S.C. § 1225

### A. The Government's Interpretation of § 1225

As to Petitioner's detention itself, the law and the facts of this case are similar to *Beltran v. Bondi*, No. 25-04604 (MJD/DTS), 2025 WL 3719856, at *1 (D. Minn. Dec. 23, 2025). In *Beltran*, Judge Davis determined that § 1226(a) governs the detention of noncitizens who are already residing in the United States, such as Petitioner—not § 1225(b)(2), which governs the detention of noncitizens seeking admission to the United States. *Beltran*, 2025 WL 3719856, at *3. If seeking admission, a noncitizen is subject to mandatory detention under § 1225(b)(2) and is not entitled to a bond hearing; but if already residing in the United States, detention is discretionary, and the noncitizen is entitled to a bond hearing. *Id.*

Respondents have not shown how this case is materially distinguishable from *Beltran*, but they refer to the Fifth Circuit's recent decision in *Buenrostro v. Bondi*, ___ F.4th ___, 2026 WL 323330 (5th Cir., February 6, 2026) in further support of their position.

4

(*See* Resp. 5, Dkt. No. 5.) In that case, the Fifth Circuit accepted the government's interpretation and held that "an alien's status as an applicant for admission does not turn on where or how the alien entered the United States." *Buenrosto* at *2. As the majority of courts across the country have held, this reading of § 1225's definition of 'applicant for admission' is faulty because it removes the distinction between those subject to § 1225(b)(2)(A)'s mandatory detention and those subject to § 1226's discretionary detention and bond hearing process. Under the government's interpretation, it can ignore the procedural requirements under § 1226 because it has classified a detainee as an 'applicant for admission,' even when, as is true here, the detainee has lived in the United States for an extended period of time.

The Court is not bound by the Fifth's Circuit holding in *Buenrostro.* The undersigned, together with the majority of judges in this District and this Circuit views the government's interpretation of § 1225 as incorrect. The Court is not persuaded that this should change now that one circuit court panel has deviated from the judicial consensus. Thus, the Court recommends granting this petition on the same grounds as it granted the petition in *Beltran*.

### B. Warrantless Arrest

The Court also agrees with Petitioner that, even if the government had detained Petitioner under § 1226, the lack of a valid warrant for his arrest means that his detention cannot be legally justified under 8 U.S.C. § 1226. *See Gabriela G. v. Noem*, No. 26-cv-590 (ECT/EMB), 2026 WL 242007 at *2 (D. Minn. Jan. 29, 2026) ("[I]t follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)."). Going

further, "§ 1226 is not even triggered unless an arrest warrant is issued[,] and if an alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Id*. Nor may Respondents supply the required warrant post-arrest. As courts in this district have held:

> "[R]elease is an available and appropriate remedy for detention that lacks a lawful predicate. Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings. Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."

*Daniel S. v. Bondi*, No. 26-CV-338 (ECT/ECW), 2026 WL 146509, at *3 (D. Minn. Jan. 20, 2026) (cleaned up).

Respondents argue that a warrant for Petitioner's arrest existed and point to Exhibit A to the Declaration of an Assistant United States Attorney. (*See* Dkt. No. 6-1.) This "warrant" (which is actually an internal ICE document, a Form I-200) was prepared before Petitioner was served a Notice to Appear for removal proceedings. This is important because a Form I-200 can only issue either at the same time as, or before, the issuance of a Notice to Appear. *Castanon Nava v. Dep't of Homeland Sec.,* No. 18-CV-3757, 2025 WL 2842146, at *17 (N.D. Ill. Oct. 7, 2025) ("ICE lacked statutory and regulatory authority to engage in its policy of issuing I-200 warrants to collaterals in the field without the concurrent or prior issuance of an NTA. Thus, the I-200 warrants issued in the field … are therefore invalid.") The Form I-200 in this case, is dated February 3, 2026, the same day that Petitioner was arrested. The Notice to Appear in this case was not served on Petitioner

until February 6, 2026, three days after the Form I-200 and three days after Petitioner had been detained and transferred to Texas

In another case involving a Form I-200 issued after a Notice to Appear, a district judge in Minnesota ordered immediate release of the Petitioner. *See Alberto C.M. v. Noem, et al.*, No. 26-CV-380 (DJF/SGE). Dkt. No. 9 (D. Minn. Jan. 23, 2026) ("While a Form I-200 was issued, that form was not issued until after his arrest and initial detention."). In *Alberto C.M.*, Judge Donovan W. Frank held that "ICE does not have authority to detain a noncitizen under § 1226 who was arrested without a warrant. … The proper remedy for this kind of violation is release from custody, not a bond hearing." (*Id.*) The Court agrees with Judge Frank's conclusion and recommends that the district judge order Petitioner's immediate release.

### III.    <u>Award of Costs</u>

Finally, the Court notes that a petitioner seeking release from immigration detention shall be awarded costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), unless the Court finds that the government's position was substantially justified or that special circumstances make an award unjust. *See Michelin v. Warden Moshannon Valley Corr. Ctr.*, No. 24-2990, 2026 WL 263483 (3d Cir. Feb. 2, 2026); *see also, e.g., Yeferson G.C. v. Easterwood*, No. 25-CV-4814, 2026 WL 207266, at *3 (D. Minn. Jan. 21), R&R adopted, 2026 WL 209825 (D. Minn. Jan. 27, 2026); *Mairena-Munguia v. Arnott*, No. 25-CV-3318, 2025 WL 3229132, at *5 (W.D. Mo.

Nov. 19, 2025). Any motion for costs and fees pursuant to the EAJA in this case should be filed within 30 days of the entry of judgment. *See* § 2412(d)(1)(B).

The parties' attention is directed to the shorter than usual deadlines for filing objections to this Report and Recommendation and for filing responses to those objections, set forth in the "Notice" below.

## RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Petitioner Henry A. V. P.'s Petition for Writ of Habeas Corpus (Dkt. No. 1) be **GRANTED** in full and Petitioner be immediately returned to Minnesota and released from detention without conditions.

Date: February 11, 2026                         *s/ John F. Docherty*
                                                John F. Docherty
                                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under D. Minn. LR 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, *unless the court sets a different deadline*." (Emphasis added.) **The Court modifies the deadline such that objections are due on or before February 13, 2026. Responses to objections are due on or before February 16, 2026.** All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).