UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Henry A. V. P.,
    Petitioner,

v.

ORDER ADOPTING REPORT AND RECOMMENDATION
Civil File No. 26-01121 (MJD/JFD)

Pamela Bondi, et al.,
    Defendants.

Kira Aakre Kelley, Climate Defense Project, Counsel for Petitioner.

David W. Fuller, Friedrich A. P. Siekert, Trevor Brown, Assistant United States Attorneys, Counsel for Respondents.

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge John F. Docherty filed February 11, 2026. (Doc. 8.) Respondents have filed objections to the Report and Recommendation. Pursuant to statute, the Court has conducted a de novo review upon the record. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based upon that review, the Court will adopt the Report and Recommendation of Magistrate Judge Docherty.

1

I.    **Objections**

   A.    **Jurisdiction**

Respondents object to the Report and Recommendation's ("R&R") recommendation that this Court has jurisdiction over this case. (Doc. 9 at 1-4.) Respondents do not dispute that Petitioner Henry V. P. ("Petitioner") was arrested and detained on February 3, 2026 in Minnesota. (Docs. 8 at 2; 9 at 2.) Petitioner was in ICE custody in Minnesota for 2 days before Respondents state that he was transferred to El Paso, Texas on February 5 and to Karnes, Texas on February 6. (Doc. 9 at 2.) On February 6, DHS "commenced removal proceedings" against Petitioner. (Id.) The petition ("Pet.") in this case was filed on February 6, 2026.

Despite Respondents' insistence that "it can be assumed the Immigration Court is handling [Petitioner's removal] proceedings correctly," Respondents also state that ICE is working to return Petitioner to Minnesota "as soon as practicable." (Doc. 9 at 4.)

While the Court does not question Respondents' timeline, this does not save Respondents. Petitioner's counsel stated that at the time the petition was filed, Petitioner was being held in the Whipple Federal Building in Minneapolis "upon information and belief" and that venue was appropriate in this Court

2

because Petitioner was detained "and is presumed to remain within the District of Minnesota." (Pet. ¶¶ 5, 7.) Petitioner's counsel searched the ICE Detainee Locator using Petitioner's A number and country of origin on February 6, 2026, three days after Petitioner was taken into custody. (Id. ¶ 19.) The Locator returned "0" results. (Id.) Petitioner argues that the unknown custodian rule allows this Court to retain jurisdiction over this case. (Doc. 7 at 5-7 (citing, inter alia, Rumsfeld v. Padilla, 542 U.S. 426, 450 n.18 (2004) ("When . . . a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules.")).)

Under the "district of confinement" rule, a district court generally has jurisdiction to consider a habeas petition only in the district where the detainee is confined. Manuel N.M. v. Noem, No. 26-CV-224 (MJD/DJF), 2026 WL 242318, at *2 (D. Minn. Jan. 23, 2026) (citing Padilla, 542 U.S. at 443 (2004)), R&R adopted, 2026 WL 246840 (D. Minn. Jan. 29, 2026).

However, in their concurrence in Padilla, Justices Kennedy and O'Connor reasoned that "if there is an indication that the Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where the habeas petition should be filed, or where the Government was not forthcoming

3

with respect to the identity of the custodian and the place of detention . . . habeas jurisdiction would be in the district court from whose territory the petitioner had been removed." 542 U.S. at 454 (Kennedy, J. concurring).  Although the Supreme Court has not formally adopted this exception, it has been applied nationwide. Aleksander B. v. Trump, No. 26-CV-170 (KMM/DJF), 2026 WL 172435, at *2 (D. Minn. Jan. 22, 2026) (gathering cases).

Thus, "an exception to this rule applies when a habeas petitioner is initially arrested and detained in this District, ICE moves him without notice, the government has not been forthcoming about his location, and his whereabouts are unknown despite counsel's diligent attempts to locate him."  Manuel N.M., 2026 WL 242318, at *2 (citing Aleksander B., 2026 WL 172435, at *5-8); Marcia R.Q., v. Bondi, et al., No. 26-CV-881 (KMM/EMB), 2026 WL 296502, at *2 (D. Minn. Feb. 4, 2026) (recognizing an exception to the rule when "the petitioner's location is unknown at the time of filing—such as when the petitioner is in transit—or where immigration authorities have not disclosed where the petitioner is being detained or by whom, and circumstances have prevented or precluded contact with counsel").

The situation here is similar to the situation outlined in <u>Marcia R. Q.</u>: ICE transferred Petitioner from Minnesota to Texas without notice and despite Counsel's efforts given the tools immigration authorities provided, the best Counsel could do was state that Petitioner was at Whipple "on information and belief." It actually appears that Respondents were even confused as to Petitioner's exact whereabouts in the state of Texas when they filed their response to the petition. (Doc. 9 (Resp. obj. to R&R) at 3.)

Here, Petitioner's counsel attempted in good faith to locate him. Three days after he was violently taken from his vehicle by masked agents in the District of Minnesota, his whereabouts were still unknown. Now, given the opportunity to explain <u>why</u> Petitioner was transferred from this District to Texas and then moved again once he was over 1,000 miles from home, Respondents have not done so. This Court maintains jurisdiction just as the Court said in its Order to Show Cause. <u>See</u> <u>Padilla</u>, 542 U.S. at 454 (Kennedy, J. concurring).

**B.   Merits**

Respondents argue that this case is "different from the typical . . . 1225/1226 cases filed recently in this district" where the petitioners entered the country without inspection, admission, or parole. (Doc. 9 at 4.) Respondents

5

argue that Petitioner was admitted on a visa, overstayed the visa, was apprehended, detained, transferred, and placed in removal proceedings on the charge of being a visa overstay. They say Petitioner's removal proceedings were initiated in and are being conducted in Texas, that he appears to be "bond eligible," and that there is no evidence in the record whether the immigration court has conducted a bond hearing. (Id.) Accordingly, Respondents argue that it cannot be presumed that they have refused to provide Petitioner a bond hearing. (Id. (citing R&R at 2).) However, Respondents state that "it can be assumed the Immigration Court is handling those proceedings correctly." (Id.) Thus, Respondents assert that the Court should deny the habeas petition.

     Respondents ignore an important fact: Petitioner has a pending derivative U visa application. This Court has already held that the habeas corpus application of a noncitizen who is "already present within the country" when he applies for U nonimmigrant status is governed by 8 U.S.C. § 1226. Walter L. v. Bondi, No. 26-CV-607 (MJD/EMB), 2026 WL 266553, at *2 (D. Minn. Jan. 29, 2026) (citing Mayamu K. v. Bondi, 25-3035 (JWB/LIB), 2025 WL 3641819, at *8 (D. Minn. Oct. 20, 2025)), R&R adopted, 2026 WL 269375 (D. Minn. Feb. 2, 2026); see also Victor F.M. v. Bondi, No. 25-CV-4778 (ECT/SGE), 2026 WL 25968, at *2 (D. Minn.

6

Jan. 5, 2026) (holding that a noncitizen who enters the country without authorization and years later pursues a U visa "falls within § 1226's discretionary detention procedures") (gathering cases).

While the Court acknowledges that the noncitizens in the precedent cases entered the country illegally before applying for U visas, and Petitioner entered the country legally and overstayed his visa before applying for his derivative U visa application, that seems to be somewhat of a distinction without a difference at this point. Although neither party has cited a case with facts on all fours with this case, and the Court's own research has not unearthed one, it is not difficult to draw an analogy here. Once Petitioner overstayed his visa, he was in the country illegally just like the noncitizens who entered the country without permission. At that point, both Petitioner and the other noncitizens were subject to being put into removal proceedings. However, none of them were "seeking admission" because they had been here for years before they applied for their U visas and therefore, § 1226 controls. See Victor F.M., 2026 WL 25968, at *2.

This objection is overruled.

## II.    Order

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

7

1. The Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge John F. Docherty filed February 11, 2026 **[Doc. 8]**.

2. Petitioner Henry A. V. P.'s Emergency Petition for Writ of Habeas Corpus **[Doc. 1]** is **GRANTED**.

    a. Respondents are ordered to immediately arrange for release of Petitioner into Minnesota at a safe time and in a safe place that is communicated at least two (2) hours in advance to Petitioner's counsel;

    b. Respondents are ordered to release Petitioner on his own recognizance and without conditions; and

    c. Respondents are ordered to immediately return all Petitioner's personal items that were taken from him when he was detained in substantially the same condition as when the items were taken, such as his driver's license, immigration papers, passport, cell phone, and keys.

3. Within 48 hours of the date of the filing of this Order, Respondents are ordered to file a status update with the Court reporting on their compliance with this Order.

4. Any motion for attorney fees and costs pursuant to the Equal Access to Justice Act must be filed within 21 days of entry of judgment in this matter, along with a well-reasoned memorandum of authorities explaining why an award of fees and costs is warranted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 20, 2026                         s/Michael J. Davis
                                                  Michael J. Davis
                                                  United States District Court